**HIGHMARK, INC., Plaintiff,**

v.

**ALLCARE HEALTH MANAGEMENT SYSTEMS, INC., Defendant.**

**No. CIV.A. 03–0462.**

United States District Court,
W.D. Pennsylvania.

Nov. 7, 2003.

Cynthia E. Kernick, Daniel I. Booker, Frederick H. Colen, Robert D. Kucler, Reed Smith, Pittsburgh, PA, for Plaintiff.

John E. Hall, Timothy P. Ryan, Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA, Steven G. Hill, Hill, Kertscher and Pixley, Atlanta, GA, for Defendant.

## MEMORANDUM

LANCASTER, District Judge.

Plaintiff, Highmark, Inc. ("Highmark"), brings this declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Plaintiff seeks a judgment declaring that the patent claims of defendant, Allcare Health Management Systems, Inc. ("Allcare"), are invalid, unenforceable, and not infringed by plaintiff. Defendant has filed a motion to dismiss this case for lack of personal jurisdiction [document # 4]. Plaintiff opposes this motion [document # 9].[1] For the reasons set forth below, the court has determined that it does not have personal jurisdiction over defendant and, accordingly, will transfer this case to the United States District Court for the Northern District of Texas, Fort Worth Division.

### I. BACKGROUND

Allcare is a Virginia corporation with its principal place of business in Fort Worth, Texas. Allcare's sole business is licensing and enforcing the rights associated with various intellectual property assets, one of which is U.S. Patent No. 5,301,105 ("the '105 patent"). The '105 patent claims processes for electronically processing health care pre-authorizations and referrals. Allcare sells no product or services. Highmark, a Pennsylvania not-for-profit corporation with its principal place of business in Pennsylvania, provides health in-

---

1. Highmark initially filed a motion for expedited and limited discovery and request for extension of time to file opposition to Allcare's motion to dismiss, which Allcare opposed. On November 7, 2003, the court held a status conference with the parties, at which counsel for Highmark informed the court that it no longer sought expedited discovery. Ac-cordingly, that motion is denied as moot. In addition, at the November 7, 2003 status conference, the court asked the parties if either was requesting oral argument on the motion to dismiss and was informed that both parties were content to have the court decide the motion on the pleadings.

surance coverage and administration, primarily in Pennsylvania.

■ On April 16, 2002, Allcare sent a letter to Highmark at its Pennsylvania office. In the letter, Allcare suggested that Highmark's transaction processing systems were covered by the '105 patent.[2] Allcare's letter also offered Highmark a non-exclusive license under the '105 patent and indicated that Allcare had already negotiated license terms with other companies. Beginning in April 2002, the parties discussed Allcare's claims. Throughout the course of these discussions, Allcare raised the specter of litigation and Highmark questioned the validity of Allcare's patent. The parties were unable to negotiate license terms, and Highmark filed this declaratory judgment action.

## II. *STANDARD OF REVIEW*

■ In patent infringement cases, including declaratory judgment actions that involve patent holders as defendants, the law of the Federal Circuit Court of Appeals applies. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.Cir.1995). A district court has personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits. Fed.R.Civ.P. 4(e). The Pennsylvania long-arm statute permits state courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons.Stat. Ann. § 5322(b).

The Due Process Clause of the Fourteenth Amendment limits a state's power to assert personal jurisdiction over a nonresident defendant. *Pennoyer v. Neff*, 95 U.S. 714, 733, 24 L.Ed. 565 (1877).[3]

■ The Due Process limit to the exercise of personal jurisdiction is defined by a two-prong test. First, the defendant must have made constitutionally sufficient "minimum contacts" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Whether personal jurisdiction may be exercised over an out-of-state defendant is a question of law. When personal jurisdiction is challenged, plaintiff bears the burden of proving that it is proper through affidavits "or other competent evidence." *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.1990), *cert. denied*, 498 U.S. 847, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990).

If "minimum contacts" are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95(1945); *Mellon Bank (East) PSFS, N.A. v. Farino*, 960 F.2d 1217, 1222 (3d Cir.1992).

## III. *DISCUSSION*

■ Highmark alleges that the district court has specific jurisdiction over Allcare.

---

**2.** In the April 16, 2002 letter, Allcare informed Highmark that it had recently commissioned an independent research organization to analyze Highmark's systems. This independent organization was Seaport Surveys, Inc. Allcare contracted with Seaport Surveys, Inc. to perform pre-litigation investigation of potential infringers of the '105 patent. Highmark has attempted to rely on this relationship to create personal jurisdiction over Allcare. The court finds this argument to be wholly unpersuasive, as a patent

holder's attempts to protect its patent do not give rise to personal jurisdiction.

**3.** The Federal Circuit Court of Appeals has stated that the Due Process Clause at issue in a patent case is that of the Fifth Amendment rather than the Fourteenth Amendment. *Akro v. Luker*, 45 F.3d 1541, 1544 (Fed.Cir. 1995). However, this appears to be a distinction without a difference, because the *Akro* Court itself applies the Fourteen Amendment state-contacts test. *Akro*, 45 F.3d at 1544–49. Accordingly, we do so as well.

"Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities," *North Penn Gas Co.*, 897 F.2d at 690 (3d Cir.1990), *cert. denied*, 498 U.S. 847, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990); see *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 211 (3d Cir.1984), such that the defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Highmark does not allege general jurisdiction.

■ Taken in the light most favorable to Highmark, these forum-related contacts consist of the following: (1) Allcare's pre-litigation investigation of possible infringement by twenty-two Pennsylvania corporations, performed by Seaport Surveys, Inc.; (2) cease-and-desist letters (which may be characterized as hybrid cease-and-desist/license negotiation letters) from Allcare to Highmark and conversations between representatives of the parties, which combine to total thirty-plus contacts; (3) cease-and-desist letters sent to four other Pennsylvania entities in the past five years; and (4) a relationship with one non-exclusive licensee located in Pennsylvania.

The law is clear that

[P]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement.

*Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1360–61 (Fed.Cir.1998). Here, Allcare's surveying activities and its various contacts with Highmark and the other four Pennsylvania entities amount to nothing more than a patentee vigorously protecting its patent rights by investigating suspected infringement and informing the potential infringer(s).

The *Red Wing Shoe* Court also clarifies that, for the purpose of establishing specific jurisdiction, treating "hybrid" cease-and-desist letters as something more than a notice of potential infringement and an offer to compromise would "also be contrary to fair play and substantial justice by providing disincentives for the initiation of settlement negotiations." *Red Wing Shoe Co., Inc.*, 148 F.3d at 1361. Accordingly, the surveys performed on Allcare's behalf, the various communications between Allcare and Highmark, and the cease-and-desist letters sent by Allcare to four other Pennsylvania entities do not give rise to specific jurisdiction over Allcare.

■ That leaves Allcare's non-exclusive license agreement with TDI Managed Care Services, Inc. d/b/a Eckerd Health Services ("Eckerd"), a Delaware corporation that has its principal place of business in Pennsylvania. Highmark argues that by entering into a contractual relationship with Eckerd, Allcare subjected itself to personal jurisdiction in this forum. This argument also fails.

The mere fact that a single non-exclusive licensee of Allcare's patent is located in Pennsylvania does not give rise to specific jurisdiction. For that relationship to support personal jurisdiction, Highmark's cause of action would have to relate to or arise out of Allcare's license with Eckerd. *See Cognex Corp. v. Lemelson Med., Educ. & Research Found.*, 67 F.Supp.2d 5, 9 (D.Mass.1999). Highmark has not alleged such a relationship.

■ Therefore, the court finds that it does not have personal jurisdiction over defendant. However, defendant's motion

to dismiss is denied. Although the court has determined that it lacks personal jurisdiction over defendant, that does not mean that the court must dismiss the claim. As an alternative to dismissal, the court may transfer the action to the district court that has personal jurisdiction over the defendant. 28 U.S.C. § 1404. Defendant's principal place of business is in Fort Worth, Texas, which sits in the United States District Court for the Northern District of Texas, Fort Worth Division. Transfer is appropriate in this instance rather than dismissal in the interest of justice.

## IV. *CONCLUSION*

The court does not have personal jurisdiction over defendant. Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED and the Clerk of Court is directed to transfer this case to the United States District Court for the Northern District of Texas, Fort Worth Division, forthwith.